IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WYATT LITTLE,

     Plaintiff,

vs.

CELCIUS NIGHTCLUB, LLC, and
LOUIS "KIP" NOTBOHM,
Individually,

     Defendants.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WYATT LITTLE ("Plaintiff"), sues Defendants, CELCIUS NIGHTCLUB, LLC, ("CELCIUS"), and LOUIS "KIP" NOTBOHM, Individually ("NOTBOHM") (collectively "Defendants"), and states:

## NATURE OF ACTION

1. This is an action for minimum wages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.("FLSA"), and minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution and Fla. Stat. § 448.110.

2. Plaintiff alleges that Defendants violated 29 U.S.C. § 206 of the FLSA, the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution and Fla. Stat. § 448.110 by failing to pay any direct wage.

3. This is also an action for unpaid overtime compensation under the FLSA. Plaintiff alleges that Defendants violated 29 U.S.C. § 207 of the FLSA by failing to compensate him for his hours over 40 in a workweek.

## PARTIES

4. Plaintiff is a resident of Lee County, Florida, in the Middle District of Florida.

5. Defendant CELCIUS is a Florida Limited Liability Company with its principal place of business, according to Sunbiz, located at 2213 Main Street, Fort Myers, FL 33901.

6. Defendant NOTBOHM is an individual who, upon information and belief, resides in Lee County, Florida. Defendant NOTBOHM is the owner and Manager of Defendant CELCIUS.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA.

8. The Court has supplemental jurisdiction over Plaintiff's FMWA claims under 28 U.S.C. § 1367 because the supplemental claims are so related to the FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

9. The Middle District of Florida, Fort Myers Division, is the proper venue because Defendant's principal place of business is in Fort Myers, Florida, and this is where Defendants employed Plaintiff.

## FLSA COVERAGE

### Enterprise Coverage

10. At all times material to this action, Defendants were Plaintiff's "employer," and Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

11. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

12. At all times material, Defendants had gross sales volume of at least $500,000 annually.

13. At all times material, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA.

### Individual Coverage

14. At all times material hereto, Plaintiff was "engaged in commerce" and was subject to individual coverage under the FLSA.

15. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by Defendants.

16. The products and materials that Plaintiff used on a regular and recurrent basis, which were supplied to him by Defendants to use on the job, moved through interstate commerce.

17. To further Defendants' business purpose, Plaintiff regularly communicated with out-of-state customers, vendors, and suppliers.

### Individual Liability – Defendant NOTBOHM

3

18. At all times material hereto, Defendant NOTBOHM was the owner of Defendant CELCIUS's club and bar.

19. At all times material, NOTBOHM regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees, and to control the finances and operations of the restaurant.

20. By virtue of having held and/or exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations, NOTBOHM is an employer as defined by 29 U.S.C. § 201, *et. Seq.*

## FACTS

21. Defendants operate several nightlife establishments, including CELCIUS a/k/a "Celsius Night Club" located at 2213 Main Street, Fort Myers, FL 33901.

22. CELCIUS is owned and operated by Defendant NOTBOHM. The club also employs a General Manager, and an Assistant General Manager to assist with some management functions.

23. CELCIUS also employs bartenders, barbacks, VIP servers, and security personnel.

24. Defendants hired Plaintiff as a bartender in 2013. Plaintiff was promoted to Assistant General Manager, and held this position until his separation from employment on January 1, 2026.

25. During his employment, Plaintiff regularly worked five days and around 40-45 hours per week.

26. Defendants failed to keep and maintain any records of hours worked or amount of tips paid to Plaintiff and the other employees as required by law.

27. Plaintiff (and the other employees) was not paid **any** direct hourly wage by Defendants. He was solely paid through his share of the nightly bar tip pool.

28. Defendants required Plaintiff and the other bar staff to pool the tips. The tip pool included bartenders, barbacks, and managers.

29. As stated above, during his employment, Plaintiff regularly worked more than 40 hours per week.

30. Although Plaintiff was required, permitted, or encourage to work more than 40 hours per week, he was not paid overtime.

31. All conditions precedent to this lawsuit have occurred, been performed, or have been waived.

### STATEMENT OF CLAIMS

### COUNT I: VIOLATION OF 29 U.S.C. § 206
### (UNPAID MINIMUM WAGES)

32. Plaintiff incorporates paragraphs 1-31 as though fully set forth herein.

33. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid their minimum wages.

34. 29 U.S.C. § 203(m)(2)(A) provides that an employer is required to pay a cash wage to its employees in an amount equal to or greater than the statutory minimum. Put another way, an employer cannot solely rely on tip

compensation to satisfy its obligations to compensate its employees under the law.

35. Defendants' failure to pay **any** direct wage to Plaintiff resulted in Plaintiff not receiving the minimum wage for all hours worked.

36. Defendants' actions in failing to pay any direct wage, thus, failing to pay Plaintiff all minimum wages were unreasonable, willful, and in bad faith.

WHEREFORE, Plaintiff respectfully requests the following relief:

a. Judgment in his favor for all unpaid minimum wages due or payable,

b. Liquidated damages,

c. Attorney fees and costs pursuant to the FLSA, and

d. Any other relief this Court deems to be just and proper.

## COUNT II
## VIOLATION OF ARTICLE X, §24 FLORIDA CONSTITUTION

37. Plaintiff incorporates paragraphs 1-31 as though fully set forth herein.

38. Under Article X, §24 of the Florida Constitution and Fla. Stat. § 448.110, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

39. As stated above, Defendants did not pay Plaintiff **any** direct wage, resulting in Plaintiff being paid less than the statutory minimum wage for all hours worked.

40. Defendants' actions in failing to pay any direct wage and failing to pay Plaintiff all minimum wages were unreasonable, willful, and in bad faith.

WHEREFORE, Plaintiff respectfully requests the following relief:

6

a. Judgment in his favor for all unpaid minimum wages due or payable,

b. Liquidated damages,

c. Attorney fees and costs pursuant to Article X, §24 of the Florida Constitution, and

d. Any other relief this Court deems to be just and proper.

## COUNT III
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

41. Plaintiff realleges Paragraphs 1 through 31 as if fully stated herein.

42. Plaintiff worked more than forty (40) hours in one or more workweeks during his employment.

43. Defendants failed or refused to compensate Plaintiff overtime wages calculated at 1.5 times the regular rate for all hours worked.

44. Defendants violated 29 U.S.C. § 207 of the FLSA by failing to pay overtime wages to Plaintiff.

45. Defendants knew its policy and practice for Plaintiff's compensation violated the FLSA overtime provisions. Defendants also acted willfully or with reckless disregard of the FLSA because Defendants knew its practice violated the law and continued implementing the unlawful practice. Despite the actual knowledge, Defendants failed to pay Plaintiff overtime compensation as required by the FLSA

46. Pursuant to 29 U.S.C. 216 (b), Plaintiff seeks unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff respectfully requests the following relief:

a.  A declaration that Defendants have violated the overtime provisions of
    29 U.S.C. § 207,

b.  Unpaid overtime compensation;

c.  Liquidated damages;

d.  Attorney fees and costs pursuant to 29 U.S.C. § 216(b); and

e.  Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: July 14, 2026

Respectfully submitted,

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Peter M. Jennings
Fla. Bar No. 1054512
Email: Peter@GunterFirm.com

**GUNTERFIRM**
2165 W. First St., #104
Fort Myers, FL 33901
Tel: 239.334.7017

8